1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   ELLIOTT D. OLSON  (Bar No. 41501)
2  elliott.olson@sdma.com
   FREDERIC F. GRANNIS  (Bar No. 185119)
3  frederic.grannis@sdma.com
   JEFFREY H. IKEJIRI  (Bar No. 245256)
4  jeffrey.ikejiri@sdma.com
   801 South Figueroa Street, 19th Floor
5  Los Angeles, California 90017-5556
   Telephone: (213) 426-6900
6  Facsimile: (213) 426-6921

7  Attorneys for Defendant
   CATERPILLAR INC.

8

9                    UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12  KENNETH ORNDORF,                    CASE NO. C 08 01276

13           Plaintiff,                 (State Court Case Number: M87442)

14       v.                             **CATERPILLAR INC.'S NOTICE OF**
                                        **REMOVAL OF ACTION**
15  CATERPILLAR INC., a Delaware        **PURSUANT TO 28 U.S.C. §§ 1332,**
    Corporation and DOES 1 through      **1441(b), AND 1446(b)**
16  50, inclusive,

17           Defendant.

18

19       **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

20       **PLEASE TAKE NOTICE THAT** Defendant Caterpillar Inc.

21  ("Caterpillar") hereby removes to this Court the state court action described

22  below.

23                           **JURISDICTION**

24       1.    This action is a civil action of which this Court has original

25  jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to

26  this Court pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446(b). It is a

27  civil action wherein the matter in controversy exceeds the sum of $75,000,

28  exclusive of interest and costs, and is between citizens of different states.

2.      Plaintiff's Complaint alleges that on or about November 3, 2005, he was injured while working around a Caterpillar model TH460B Telehandler. Plaintiff claims that Caterpillar designed, manufactured, and sold the subject Telehandler. The Complaint alleges causes of action for strict products liability and negligence. The named defendants in plaintiff's Complaint are Caterpillar Inc. and Does 1 through 50.

3.      Caterpillar is informed and believes that plaintiff is and, at all relevant times herein, was a citizen of the State of California.

4.      Defendant Caterpillar is and, at the time of the filing of this action, was incorporated under the laws of the State of Delaware, with its principal place of business in the state of Illinois. It is not and, at the time this action was filed, was not a citizen of the State of California.

5.      Caterpillar manufactures heavy equipment for use in the earthmoving, construction, mining, and forestry industries and diesel engines. Its manufacturing operations are wide spread and it has factories and facilities in several of the United States and in several different countries around the world.

6.      However, Caterpillar's corporate headquarters are located in Peoria, Illinois. Its annual shareholder meetings in the past six years have occurred in Chicago, Illinois, and most meetings by its board of directors have taken place in Illinois. Over the past six years, there have been forty-six board meetings. Of those forty-six meetings, only one has been held in California. Caterpillar's Chairman and Chief Executive Officer and all but one of its Group Presidents are based in Peoria, Illinois. Most important executive and administrative functions are performed in Illinois.

/ / /

/ / /

/ / /

/ / /

7.    Caterpillar operates a number of design, manufacturing, and testing facilities in the State of Illinois, including six major manufacturing facilities and other smaller facilities. It employs approximately 26,000 employees in the State of Illinois. While it operates facilities in many places around the world, it has a more substantial presence in Illinois than it does in any other state or country.

8.    Diversity of citizenship may be established by pleading negative statements showing that the defendant is not a citizen of the state where the plaintiff's citizenship lies. *See John Birch Society v. National Broadcasting Co.*, 377 F.2d 194, 197-199 (2d Cir. 1967). Caterpillar is not a citizen of the State of California. Caterpillar's activities in the State of California are very limited and insignificant when compared to its activities outside of California and, in particular, its activities in the state of Illinois. Caterpillar has only a few offices in California and employs fewer than 300 people in the state. It does not employ any executives in California and performs no important executive or administrative functions in the state. Caterpillar does not manufacture any products in the state of California.[1]

9.    Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...."

10.    Plaintiffs' Complaint was received by Caterpillar on February 4, 2008. Caterpillar is filing this Notice of Removal on March 5, 2008. Thus, this / / /

---

[1] Caterpillar's subsidiary, Solar Turbines Inc., has a manufacturing facility in San Diego, California. However, Solar Turbines Inc. is a separate corporation, whose activities in California may not be attributed to Caterpillar. *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 283; *see also Taber Partners v. Merit Builders*, 987 F.2d 57, 61 (1st Cir. 1993). In a suit against a parent corporation, the activities of a subsidiary corporation may not be considered in determining the parent corporation's principal place of business. *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992).

Notice of Removal is timely because it is brought within thirty (30) days of the receipt by Caterpillar of Plaintiff's Complaint.

11.    Does 1 through 50 should also be disregarded for purposes of determining removal jurisdiction.  Under 28 U.S.C. § 1441(a), "[f]or purposes of removal …the citizenship of defendants sued under fictitious names shall be disregarded."

12.    There are no further defendants in this action at this time.

13.    Based on the allegations of the Complaint, the amount in controversy exceeds $75,000.  Plaintiff's Complaint seeks damages for, inter alia, personal injuries, pain, suffering, lost earnings and earnings capacity, disability, special damages, interest, and costs.  (Exhibit "A").  Specifically, the Complaint alleges that plaintiff sustained a crushing injury to his left index finger.  (Exhibit "A," ¶ 16).  It is further alleged that plaintiff sustained injury to his "health, strength, and activity, . . . [and] body," and "shock and injury to his nervous system and person, all of which injuries have caused, and continue to cause plaintiff great mental, physical and nervous pain and suffering..." (*Ibid.*) In addition, the Complaint alleges that plaintiff's injury has required "medical care and treatment" and that he will continue to "incur medical and incidental expenses in the future." (*Ibid.* at ¶ 17).  In addition, the Complaint alleges that plaintiff's injury prevents him from "attending to his occupation" and that he has sustained a loss of earnings and earnings capacity.  (*Ibid.* at ¶ 18).

14.    28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – [] (1) citizens of different States."

15.    28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

1    United States for the district and division embracing the place where such action is
2    pending."

3    16.    On or about November 1, 2007, an action was commenced in the
4    Superior Court of the State of California, County of Monterey, entitled *Kenneth*
5    *Orndorf, Plaintiff v. Caterpillar, Inc., a Delaware Corporation and Does 1*
6    *through 50, inclusive*, under case number M87442. A true and correct copy of
7    plaintiff's Complaint is attached hereto as Exhibit "A."

8    17.    Caterpillar first received a copy of said Complaint on February 4,
9    2008, when a copy was personally served on February 4, 2008. A copy of the
10   summons and service return is attached hereto as composite Exhibit "B."
11   Caterpillar filed an Answer to the Complaint in the Superior Court of California,
12   County of Monterey, on March 3, 2008, a copy of which is attached hereto as
13   Exhibit "D."

14   18.    Caterpillar removes the state court action to the San Jose Division of
15   the United States District Court for the Northern District of California because the
16   state court action was filed in Monterey County.

17   19.    Caterpillar attaches copies of all states court pleadings, process, and
18   orders, which have been served as follows:

19           (a)    *Complaint for Injuries and Damages* (Exhibit "A");
20           (b)    *Summons* on underlying Complaint (Exhibit "B");
21           (c)    *Case Management Notice* served with *Summons* and *Complaint*
22                  (Exhibit "C");
23           (d)    *Defendant Caterpillar Inc.'s Answer to Plaintiff's Complaint*
24                  *for Injuries and Damages* (Exhibit "D").
25   / / /
26   / / /
27   / / /
28   / / /

20.    Caterpillar reserves the right to amend or supplement this Notice of Removal should it become necessary.

DATED:  March 4, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:    _____
       Elliott D. Olson
       Frederic F. Grannis
       Jeffrey H. Ikejiri
       Attorneys for Defendant
       CATERPILLAR INC.

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

KENNETH ORNDORF

**DEFENDANTS**

CATERPILLAR INC., a Delaware Corporation and DOES 1 through 50, inclusive.

**(b)** County of Residence of First Listed Plaintiff   Monterey, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert D. Ponce (State Bar 108069)     T/ (831) 649-0512
Law Offices of Robert D. Ponce
787 Munras Avenue, Suite 200
Monterey, California 93940

Attorneys (If Known)

Jeffrey H. Ikejiri (State Bar 245256)     T/(213) 426-6900
Sedgwick, Detert, Moran & Arnold
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017

C08 01276 PVT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| Transferred from ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation |
| Appeal to District ☐ 7 Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332, 1441, and 1446.

Brief description of cause:
Plaintiff's complaint alleges causes of action for strict product liability and negligence.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $ N/A
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE."    None

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE  3/3/08

SIGNATURE OF ATTORNEY OF RECORD

# CIVIL COVER SHEET
## FORM JS 44

**I.** (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**Elliott D. Olson (State Bar No. 41501)**
**Frederic F. Grannis (State Bar No. 185119)**
**Sedgwick, Deter, Moran & Arnold**
**801 South Figueroa Street**
**19th Floor**
**Los Angeles, California 90017**

**T/ (213) 426-6900**
**F/ (213) 426-6921**

ORIGINAL                                                    ORIGINAL

1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    ELLIOTT D. OLSON (Bar No. 41501)
2   elliott.olson@sdma.com
    FREDERIC F. GRANNIS (Bar No. 185119)
3   frederic.grannis@sdma.com
    JEFFREY H. IKEJIRI    (Bar No. 245256)
4   jeffrey.ikejiri@sdma.com
    801 South Figueroa Street, 19th Floor
5   Los Angeles, California 90017-5556
    Telephone: (213) 426-6900
6   Facsimile: (213) 426-6921

7   Attorneys for Defendant
    CATERPILLAR INC.

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12  KENNETH ORNDORF,                    CASE NO.

13          Plaintiff,                  (State Court Case Number: M87442)

14      v.                              **CATERPILLAR INC.'S NOTICE OF
                                        REMOVAL OF ACTION**
15  CATERPILLAR INC., a Delaware        **PURSUANT TO 28 U.S.C. §§ 1332,
    Corporation and DOES 1 through      1441(b), AND 1446(b)**
16  50, inclusive,

17          Defendant.

18

19          **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

20          **PLEASE TAKE NOTICE THAT** Defendant Caterpillar Inc.

21  ("Caterpillar") hereby removes to this Court the state court action described

22  below.

23                            **JURISDICTION**

24          1.    This action is a civil action of which this Court has original

25  jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to

26  this Court pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446(b). It is a

27  civil action wherein the matter in controversy exceeds the sum of $75,000,

28  exclusive of interest and costs, and is between citizens of different states.

LA/726009v1                        -1-

2.    Plaintiff's Complaint alleges that on or about November 3, 2005, he was injured while working around a Caterpillar model TH460B Telehandler. Plaintiff claims that Caterpillar designed, manufactured, and sold the subject Telehandler. The Complaint alleges causes of action for strict products liability and negligence. The named defendants in plaintiff's Complaint are Caterpillar Inc. and Does 1 through 50.

3.    Caterpillar is informed and believes that plaintiff is and, at all relevant times herein, was a citizen of the State of California.

4.    Defendant Caterpillar is and, at the time of the filing of this action, was incorporated under the laws of the State of Delaware, with its principal place of business in the state of Illinois. It is not and, at the time this action was filed, was not a citizen of the State of California.

5.    Caterpillar manufactures heavy equipment for use in the earthmoving, construction, mining, and forestry industries and diesel engines. Its manufacturing operations are wide spread and it has factories and facilities in several of the United States and in several different countries around the world.

6.    However, Caterpillar's corporate headquarters are located in Peoria, Illinois. Its annual shareholder meetings in the past six years have occurred in Chicago, Illinois, and most meetings by its board of directors have taken place in Illinois. Over the past six years, there have been forty-six board meetings. Of those forty-six meetings, only one has been held in California. Caterpillar's Chairman and Chief Executive Officer and all but one of its Group Presidents are based in Peoria, Illinois. Most important executive and administrative functions are performed in Illinois.

/ / /

/ / /

/ / /

/ / /

7. Caterpillar operates a number of design, manufacturing, and testing facilities in the State of Illinois, including six major manufacturing facilities and other smaller facilities. It employs approximately 26,000 employees in the State of Illinois. While it operates facilities in many places around the world, it has a more substantial presence in Illinois than it does in any other state or country.

8. Diversity of citizenship may be established by pleading negative statements showing that the defendant is not a citizen of the state where the plaintiff's citizenship lies. *See John Birch Society v. National Broadcasting Co.*, 377 F.2d 194, 197-199 (2d Cir. 1967). Caterpillar is not a citizen of the State of California. Caterpillar's activities in the State of California are very limited and insignificant when compared to its activities outside of California and, in particular, its activities in the state of Illinois. Caterpillar has only a few offices in California and employs fewer than 300 people in the state. It does not employ any executives in California and performs no important executive or administrative functions in the state. Caterpillar does not manufacture any products in the state of California.[1]

9. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...."

10. Plaintiffs' Complaint was received by Caterpillar on February 4, 2008. Caterpillar is filing this Notice of Removal on March 5, 2008. Thus, this

/ / /

---

[1] Caterpillar's subsidiary, Solar Turbines Inc., has a manufacturing facility in San Diego, California. However, Solar Turbines Inc. is a separate corporation, whose activities in California may not be attributed to Caterpillar. *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 283; *see also Taber Partners v. Merit Builders*, 987 F.2d 57, 61 (1st Cir. 1993). In a suit against a parent corporation, the activities of a subsidiary corporation may not be considered in determining the parent corporation's principal place of business. *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992).

1  Notice of Removal is timely because it is brought within thirty (30) days of the

2  receipt by Caterpillar of Plaintiff's Complaint.

3     11.   Does 1 through 50 should also be disregarded for purposes of

4  determining removal jurisdiction. Under 28 U.S.C. § 1441(a), "[f]or purposes of

5  removal …the citizenship of defendants sued under fictitious names shall be

6  disregarded."

7     12.   There are no further defendants in this action at this time.

8     13.   Based on the allegations of the Complaint, the amount in controversy

9  exceeds $75,000. Plaintiff's Complaint seeks damages for, inter alia, personal

10 injuries, pain, suffering, lost earnings and earnings capacity, disability, special

11 damages, interest, and costs. (Exhibit "A"). Specifically, the Complaint alleges

12 that plaintiff sustained a crushing injury to his left index finger. (Exhibit "A," ¶

13 16). It is further alleged that plaintiff sustained injury to his "health, strength, and

14 activity, . . . [and] body," and "shock and injury to his nervous system and person,

15 all of which injuries have caused, and continue to cause plaintiff great mental,

16 physical and nervous pain and suffering..." (*Ibid.*) In addition, the Complaint

17 alleges that plaintiff's injury has required "medical care and treatment" and that he

18 will continue to "incur medical and incidental expenses in the future." (*Ibid.* at ¶

19 17). In addition, the Complaint alleges that plaintiff's injury prevents him from

20 "attending to his occupation" and that he has sustained a loss of earnings and

21 earnings capacity. (*Ibid.* at ¶ 18).

22    14.   28 U.S.C. § 1332(a) provides that "district courts shall have original

23 jurisdiction of all civil actions where the matter in controversy exceeds the sum or

24 value of $75,000, exclusive of interest and costs, and is between – [] (1) citizens of

25 different States."

26    15.   28 U.S.C. § 1441(a) provides that "any civil action brought in a State

27 court of which the district courts of the United States have original jurisdiction,

28 may be removed by the defendant or the defendants, to the district court of the

1  United States for the district and division embracing the place where such action is

2  pending."

3      16.    On or about November 1, 2007, an action was commenced in the

4  Superior Court of the State of California, County of Monterey, entitled *Kenneth*

5  *Orndorf, Plaintiff v. Caterpillar, Inc., a Delaware Corporation and Does 1*

6  *through 50, inclusive*, under case number M87442. A true and correct copy of

7  plaintiff's Complaint is attached hereto as Exhibit "A."

8      17.    Caterpillar first received a copy of said Complaint on February 4,

9  2008, when a copy was personally served on February 4, 2008. A copy of the

10  summons and service return is attached hereto as composite Exhibit "B."

11  Caterpillar filed an Answer to the Complaint in the Superior Court of California,

12  County of Monterey, on March 3, 2008, a copy of which is attached hereto as

13  Exhibit "D."

14      18.    Caterpillar removes the state court action to the San Jose Division of

15  the United States District Court for the Northern District of California because the

16  state court action was filed in Monterey County.

17      19.    Caterpillar attaches copies of all states court pleadings, process, and

18  orders, which have been served as follows:

19          (a)    *Complaint for Injuries and Damages* (Exhibit "A");

20          (b)    *Summons* on underlying Complaint (Exhibit "B");

21          (c)    *Case Management Notice* served with *Summons* and *Complaint*

22                 (Exhibit "C");

23          (d)    *Defendant Caterpillar Inc.'s Answer to Plaintiff's Complaint*

24                 *for Injuries and Damages* (Exhibit "D").

25  / / /

26  / / /

27  / / /

28  / / /

1        20.   Caterpillar reserves the right to amend or supplement this Notice of

2    Removal should it become necessary.

3

4    DATED:  March 4, 2008        **SEDGWICK, DETERT, MORAN & ARNOLD LLP**

5

6                   By:         

                   Elliott D. Olson

7                       Frederic F. Grannis

8                       Jeffrey H. Ikejiri

                   Attorneys for Defendant

9                       CATERPILLAR INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

KENNETH ORNDORF

## DEFENDANTS

CATERPILLAR INC., a Delaware Corporation and DOES 1 through 50, inclusive.

**(b)** County of Residence of First Listed Plaintiff  Monterey, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert D. Ponce (State Bar 108069)    T/ (831) 649-0512
Law Offices of Robert D. Ponce
787 Munras Avenue, Suite 200
Monterey, California 93940

Attorneys (If Known)

Jeffrey H. Ikejiri (State Bar 245256)    T(213) 426-6900
Se... Deitert, Mo... Arnold
80... ueroa Stre... floor
Los Angeles, California 90017

*ADR*  *E-FILING*  *C 08 01276 PVT*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 442 Employment | Habeas Corpus: | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 444 Welfare | [ ] 535 Death Penalty | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 445 Amer. w/Disabilities – Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332, 1441, and 1446.

Brief description of cause:
Plaintiff's complaint alleges causes of action for strict product's liability and negligence.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ N/A
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".  None

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE  3/3/08

SIGNATURE OF ATTORNEY OF RECORD

## CIVIL COVER SHEET
## FORM JS 44

**I.** (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**Elliott D. Olson (State Bar No. 41501)**
**Frederic F. Grannis (State Bar No. 185119)**
**Sedgwick, Deter, Moran & Arnold**
**801 South Figueroa Street**
**19th Floor**
**Los Angeles, California 90017**

**T/ (213) 426-6900**
**F/ (213) 426-6921**

1  Robert D. Ponce (State Bar: 108069)
   LAW OFFICES OF ROBERT D. PONCE
2  787 Munras Avenue, Suite 200
   Monterey, CA 93940
3  (831) 649-0515

4  Attorney for Plaintiff, KENNETH ORNDORF

**FILED**

NOV 0 1 2007

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
C. WILLIAMS DEPUTY

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF MONTEREY

10                     UNLIMITED JURISDICTION

11  KENNETH ORNDORF,                    CASE NO.:  M 8 7 4 4 2

12                 Plaintiff,            COMPLAINT FOR INJURIES AND
                                        DAMAGES
13  vs.                                 [Strict Liability in Tort; Product
                                        Liability: Design Defect]
14  CATERPILLAR, INC., a Delaware
    Corporation and DOES 1 through 50,
15  inclusive;                          *Claim Over $25,000.00*

16                 Defendants.

17

18      Plaintiff, KENNETH ORNDORF, hereby alleges:

19                     FIRST CAUSE OF ACTION

20                      (Strict Liability in Tort)

21      1.    At al times herein mentioned, plaintiff, KENNETH ORNDORF was and is a

22  resident of the County of Monterey, State of California.

23      2.    Plaintiff is informed and believes, and upon such information and belief, alleges

24  that at all times herein mentioned defendant CATERPILLAR, INC. was and is a Delaware

25  corporation licensed to conduct business in the State of California.  At all times herein

26  mentioned, defendant CATERPILLAR, INC. was conducting business in the County of

27  Monterey, State of California.

28      3.    This action is filed in the County of Monterey because the acts complained of

COMPLAINT FOR INJURIES AND DAMAGES
Orndorf v. Caterpillar, Inc., et al.

000007

**EXHIBIT A**

1  herein occurred within the County of Monterey, California.

2      4.    The true names or capacities, whether individual, corporate, associate or

3  otherwise, of defendants DOES 1 through 50, inclusive, are not now known to or ascertainable

4  by plaintiff, and plaintiff prays leave of Court to amend this complaint to insert their true names

5  and capacities when the same are ascertained. Plaintiff is informed and believes, and on such

6  information and belief alleges that each of the defendants designated herein was negligently

7  responsible in some manner for the events and happenings herein referred to, and negligently

8  caused injury and damages proximately thereby to plaintiff, as herein alleged.

9      5.    At all times herein mentioned, each defendant was the agent, servant and

10  employee of each of the remaining defendants, and was acting in the scope of his or her

11  employment as such agent, servant and employee.

12      6.    The incident complained of herein occurred on or about November 3, 2005 within

13  the County of Monterey, at plaintiff's place of employment, Estancia Winery located at or near

14  the town of Soledad, California.

15      7.    Defendant, CATERPILLAR, INC. is engaged in the development, design,

16  manufacture, sale and service of a forklift bearing Model No. TH460B referred to by

17  CATERPILLAR, INC. as a "Telehandler" model.

18      8.    While working within the course and scope of his employment, plaintiff

19  ORNDORF and other co-workers were assigned to move a large tank, normally used to house

20  wine. ORNDORF and said co-workers intended to use a Caterpillar TH460B Telehandler

21  forklift to move the tank. The forklift's forks were spread 3 ½ feet apart. Plaintiff and his co-

22  workers wanted to have the forks spread 5 feet apart before lifting the tank with the forklift.

23      9.    In order to spread the forks outward, the forks needed to be lifted and accessed.

24  The TH460B model was designed such that the forks were housed within a carriage unit. The

25  carriage unit needed to be lifted in order to have the forks spread. When the unit was lifted, the

26  forks hung in such a manner that they could be spread apart. The carriage unit was then lifted.

27  As it was in its upright position, it fell, crushing plaintiff's left index finger.

28      10.    The described carriage unit, which housed the forks, was designed to hang

000003

1   on a retaining pin, hydraulically controlled. The pin was and is designed to fit within a hole,

2   located within a metal plate. The plate is part of a frame of the described carriage unit which

3   contains the forks. The carriage unit assembly is designed such that the pin can be pushed

4   inward. If the pin is pushed inward, it is no longer anchored to the metal plate. The unit can

5   become loose and fall, in the manner that it fell at the time of plaintiff's accident. The pin is

6   required to be moved in an outward manner and positioned within the hole of the aforementioned

7   metal plate. The positioning and location of the pin was controlled by a switch on the driver's

8   panel board. There was no indication on the panel board or the switch as to whether the pin was

9   moved inward, thus not fitting within the hole, or was in place within the hole. At the time of the

10  accident, the retaining pin was not positioned within the hole and, thus, the carriage unit which

11  housed the forks was loose.

12      11.    Defendant CATERPILLAR, INC. and DOES 1 through 10 intended for said

13  Telehandler, which was manufactured, designed, assembled and serviced by CATERPILLAR,

14  INC. to be used by plaintiff and his co-workers in the manner so described herein.

15      12.    At all times herein mentioned, defendant CATERPILLAR, INC. and DOES 1

16  through 10 knew and intended that its Telehandler would be used by plaintiff and his co-workers,

17  in the manner as described herein, without inspection for defects.

18      13.    Prior to November 3, 2005, Estancia Winery, the employer of plaintiff KEN

19  ORNDORF, purchased, leased or otherwise obtained said TH460B Telehandler for use at its

20  Soledad, California winery, the location where plaintiff KENNETH ORNDORF worked.

21      14.    The Telehandler was, at the time plaintiff used it on November 3, 2005, defective

22  and unsafe for its intended purpose. Said Telehandler forklift possessed forks which were

23  intended to moved in such a manner as to have the forks spread apart or moved together. In

24  order to move said forks, the carriage unit containing said forks was required to be lifted. Said

25  carriage unit was anchored on a retaining pin. The retaining pin was required to be positioned

26  into a hole located within a metal plate. The retaining pin was easily moved inward from the

27  hole. If the retaining pin was moved inward, the carriage unit containing said forks becomes

28  loose and prone to falling. At the time of the accident alleged herein, said assembly fell and

1  plaintiff's hand as described herein.

2      15.     On or about November 3, 2005, plaintiff was using the CATERPILLAR, INC.

3  Telehandler at said Estancia Winery for the purposes of lifting a wine tank. Specifically, plaintiff

4  and co-workers intended to spread the forks of said forklift. CATERPILLAR, INC. and DOES 1

5  through 5 designed and manufactured said TH460B Telehandler forklift in such a manner that it

6  did not contain a warning, or alert plaintiff or his co-workers of the fact that the retaining pin was

7  not anchored within said hole. Because of said failure to warn, the assembly containing said

8  forks fell and struck plaintiff's hand, causing injury and damages as alleged herein. Further, said

9  Telehandler forklift was not equipped with a warning device, either a light or message alerting

10  the operator that the retaining pin was not in place or a posted-warning informing users to look

11  for the retaining pin to be in place before lifting said forklift assembly containing said forks.

12  Said warning or device alerting the operator to the existence of the non-placement of the

13  retaining pin would have alerted plaintiff and his co-workers to not lift said assembly device and

14  move the forks in the manner so moved.

15      16.     As a proximate result of the defect, the Telehandler's assembly containing said

16  forks struck plaintiff's left hand causing injuries to plaintiff. Plaintiff was injured in his health,

17  strength and activity, sustaining injury to his body and shock and injury to his nervous system

18  and person, all of which injuries have caused, and continue to cause plaintiff great mental,

19  physical and nervous pain and suffering, all to his general damage in an amount to be proven at

20  trial.

21      17.     As a further proximate result of the defect, plaintiff was required to receive

22  medical care and treatment, and plaintiff did incur medical and incidental expenses and will in

23  the future be compelled to incur additional obligations therefore, in an amount unknown to

24  plaintiff at the present time, and will be proven at trial.

25      18.     As a further proximate result of the defect, said Telehandler's assembly

26  containing said forks struck plaintiff's left hand, causing injuries as alleged herein. Because of

27  plaintiff's injuries, plaintiff has been, and will continue to be, prevented from attending to his

28  occupation. The total amount of earnings, which has been lost or will be lost to plaintiff is in an

1 | amount unknown at this time and will be proven at trial.

2 | **SECOND CAUSE OF ACTION**

3 | **(Product Liability: Design Defect)**

4 | 19.    Plaintiff refers to paragraphs 1 through 18 of this complaint and realleges each

5 | and every allegation as though fully set forth herein.

6 | 20.    Because defendants CATERPILLAR, INC. and DOES 1 through 10, and each of

7 | them, were engaged in the business of designing, manufacturing, assembling and servicing said

8 | Telehandler to the general public, defendants owed a duty to the general public, and to plaintiff in

9 | particular, to use reasonable care to see that the Telehandler was free from defects and safe to use

10 | by plaintiff.

11 | 21.    Defendants, and each of them, failed and neglected to use reasonable care in the

12 | design, manufacture, assembly and installation of said Telehandler.  As a proximate result of

13 | their negligence and carelessness, said forklift assembly carrying said forks fell upon plaintiff's

14 | left hand when plaintiff used it as intended, suffering the injuries and damages alleged herein.

15 | 22.    As a direct and proximate result of the negligence of defendants, and each of

16 | them, plaintiff has sustained damages as alleged herein.

17 | WHEREFORE, plaintiff prays judgment against defendants, and each of them, as

18 | follows:

19 | 1.    For general monetary damages on account of plaintiff's injuries, pain, suffering,

20 | and disability, according to proof;

21 | 2.    For all special damages, according to proof;

22 | 3.    For interest at the rate of ten percent (10%) per annum from the date of filing of

23 | the Complaint until judgment is paid;

24 | 4.    For costs of suit incurred herein; and

25 | 5.    For such other and further relief as the court may deem just and proper.

26 | DATED:  November 1, 2007                          LAW OFFICES OF ROBERT D. PONCE

27 |                                       By

28 |                                          Robert D. Ponce
   |                                          Attorney for Plaintiff

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CATERPILLAR, INC., a Delaware
Corporation and DOES 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH ORNDORF

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

NOV 0 1 2007

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
C. WILLIAMS, DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
Monterey Branch
1200 Aguajito Road, Monterey, CA 93940

CASE NUMBER:
*(Número del Caso):*
**M 87442**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT D. PONCE (Bar # 108069)
LAW OFFICES OF ROBERT D. PONCE
787 Munras Avenue, Suite 200, Monterey, CA 93940

Phone No.: (831) 649-0515
Fax No.: (831) 649-3397

DATE:
*(Fecha)*
NOV 0 1 2007

CONNIE MAZZEI

Clerk, by
*(Secretario)*
C. WILLIAMS

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Caterpillar, Inc., a Delaware Corporation

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 2-8-08

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT B

000012

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
02/05/2008
CT Log Number 513053367

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

TO:    James B Buda, General Counsel
       Caterpillar Inc.
       100 NE Adams Street
       Peoria, IL 61629-7310

RE:    **Process Served in California**

FOR:   Caterpillar Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**         Kenneth Orndorf, Pltf. vs. Caterpillar, Inc., etc., et al., Dfts.

**DOCUMENT(S) SERVED:**      Summons, Complaint, Case Management Notice, Attachment(s),
                             Request Conference, Certificate of Counsel, Cover Sheet, Attachment(s) Stipulation
                             Form and Proposed Order

**COURT/AGENCY:**            Monterey County, Monterey, Superior Court, CA
                             Case # M87442

**NATURE OF ACTION:**        Personal Injury - On November 3, 2005 when carriage unit fell on plaintiff's finger

**ON WHOM PROCESS WAS SERVED:**   C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:**     By Process Server on 02/04/2008 at 14:30

**APPEARANCE OR ANSWER DUE:**     Within 30 days after service - file written response // 4/3/2008 at 9:00 a.m. - Case
                                  Management Conference

**ATTORNEY(S) / SENDER(S):**      Robert D. Ponce
                                  Law Offices of Robert D. Ponce
                                  787 Munras Ave
                                  Ste 200
                                  Monterey, CA 93940
                                  831-649-0515

**ACTION ITEMS:**            SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790932502379
                             Email Notification, Litigation Support llsupport@cat.com

**SIGNED:**                  C T Corporation System
**PER:**                     Nancy Flores
**ADDRESS:**                 818 West Seventh Street
                             Los Angeles, CA 90017
**TELEPHONE:**               213-337-4615

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

000013

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | Reserved for Clerk's File Stamp |
|---|---|
| Orndorf, Kenneth,<br>    Plaintiff/Petitioner<br><br>vs.<br><br>Caterpillar, Inc,<br>    Defendant/Respondent | **FILED**<br>NOV 0 1 2007<br>CONNIE MAZZEI<br>CLERK OF THE SUPERIOR COURT<br>_____DEPUTY<br>C. WILLIAMS |
| **CASE MANAGEMENT NOTICE** | Case No. M87442 |

**Case Management Conference Date: April 3, 2008 at 9:00 a.m.**

1. NOTICE is hereby given that a CASE MANAGEMENT STATEMENT shall be filed with the Court and served on all parties NO LATER than: 30 days before the above date of the initial CASE MANAGEMENT CONFERENCE.

2. No party may stipulate to extend any of the dates set above.

3. At the CASE MANAGEMENT CONFERENCE, it is expected that trial counsel for each party and each self-represented party shall attend and be fully prepared to participate effectively in the conference.

4. On receipt of the CASE MANAGEMENT STATEMENT and at or before the CASE MANAGEMENT CONFERENCE the Court may make the following orders:

    a. refer the matter to arbitration, the court-directed mediation program, or other alternative dispute resolution procedures;
    b. identify the case as one which may be protracted and in need of special attention;
    c. assign the case to a particular judge for all purposes;
    d. assign a mandatory settlement conference and trial date;
    e. make orders establishing discovery schedules and cut-offs, including expert witness disclosure and discovery;
    f. make appropriate Trial Management Orders; and/or
    g. make any other orders to achieve the interests of justice and the timely disposition of the case, including the setting of additional Status Conferences.

5. It is the policy of this Court that all complaints and cross-complaints be filed and served, all challenges to the pleadings be heard, and the matter be at-issue no later than 180 days from the filing of the complaint. It is the policy of this Court that all civil matters be resolved in no more than 12 to 24 months of the filing of the complaint.

6. Failure to file the CASE MANAGEMENT STATEMENT, attend the CASE MANAGEMENT CONFERENCE and participate effectively, or comply with any CASE AND TRIAL MANAGEMENT RULES may result in sanction.

7. It is the responsibility of the parties and/or their attorneys to be familiar with the Monterey County Case and Trial Management Policies and Rules and to comply therewith.

BY ORDER OF THE PRESIDING JUDGE

Date: November 1, 2007        By: _____ C. WILLIAMS

Deputy Clerk

EXHIBIT C                    000014



# Alternative Dispute Resolution
## OPTIONS FOR RESOLVING YOUR DISPUTE

### There Are Alternatives to Going to Trial
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.

### Advantages of ADR
Here are some potential advantages of using ADR:
* **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
* **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
* **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
* **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
* **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
* **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

### What Are the ADR Options?
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

### Mediation
In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

- **Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. There-fore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

000016

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):

TELEPHONE NO.:
EMAIL ADDRESS (Optional):                          FAX NO. (Optional)
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA 93940

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:     Room:

> ▸ IF APPLICABLE, THIS REQUEST AND ORDER MUST BE FILED CONCURRENTLY WITH THE CASE MANAGEMENT STATEMENTS, WHICH ARE DUE NO LATER THAN 30 DAYS BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE.
>
> ▸ PER LOCAL RULE 6.08(g), IF THE PARTIES DO NOT RECEIVE A SIGNED COPY OF THE ORDER GRANTING THE REQUEST, THEY MUST ATTEND THE CASE MANAGEMENT CONFERENCE.

Counsel and the parties certify that the Initial Case Management Conference should be vacated or continued for the following reasons [circle one]:

1. All parties have appeared and agree to engage in the below ADR program [check ᵉₐ one]:

   ❑ Court-Directed mediation            ❑ Private mediation
   ❑ Nonbinding judicial arbitration      ❑ Private arbitration          THE
   ❑ Other:

   **PARTIES AGREE TO COMPLETE THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM WITHIN 90 DAYS OF THE FILING OF THIS FORM.** Further Case Management Conference is requested

2. Case is concluded and judgment or dismissal has been entered as to all parties.

3. Case has settled; dismissal shall be filed on or before _____.

4. Case is at-issue and all parties agree that matter may be set for trial without the necessity of a Case Management Conference.

5. All defendants have not been served and the plaintiff has been granted an extension by the court until _____ to complete service on all defendants.   Further Case Management Conference is requested.

6. A defendant has filed bankruptcy; case should be stayed pending the completion of bankruptcy. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any action by the debtor or the Bankruptcy Court that would act as a lifting of said stay.

7. Case has been removed to Federal Court.  Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any remand back to Superior Court or of any judgment or dismissal filed in the Federal Court.

000017

| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

8.  Plaintiff has obtained a default as to all defendants and will perfect the default by entry of court or clerk judgment in timely manner. Further Case Management Conference is requested.

9.  All defendants have appeared and discovery is proceeding in a timely manner. For reasons set forth in the parties' Case Management Statements, the case should be designated (circle one) Category I, Category II or Category III.    Parties anticipate case will be ready to set for trial as of _____. Further Case Management Conference is requested.

10. Other:

_____

_____

_____

_____ Further Case Management Conference is requested.

Counsel for Plaintiff (*print name*)
_____

Signature
_____

Counsel for Plaintiff (*print name*)
_____

Signature
_____

Counsel for Defendant (*print name*)
_____

Signature
_____

Counsel for Defendant (*print name*)
_____

Signature
_____

*For additional parties, attach additional signature pages as needed.*

---

Good Cause appearing, IT IS SO ORDERED that the Case Management Conference set for

_____ is vacated.

☐ Supplemental Case Management Statements shall be filed as set forth in 6 or 7 above.

☐ Receipt of Dismissal is set for _____.

☐ Further Case Management Conference is set for _____.
Parties shall file Case Management Statements prior to said hearing per Local Rule 6.08(e).

PLAINTIFF MUST SERVE A COPY OF THIS ORDER ON ALL PARTIES.

Dated: _____        _____

*Judge of the Superior Court*

000018

1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP
ELLIOTT D. OLSON  Bar No. 41501
2 | elliott.olson@sdma.com
FREDERIC F. GRANNIS  Bar No. 185119
3 | frederic.grannis@ sdma.com
JEFFREY H. IKEJIRI(BAR NO. 245256)
4 | jeffrey.ikejiri@sdma.com
801 South Figueroa Street, 19th Floor
5 | Los Angeles, California 90017-5556
Telephone: (213) 426-6900
6 | Facsimile: (213) 426-6921

7 | Attorneys for Defendant
CATERPILLAR INC.

8

**FILED**

**MAR 0 3 2008**

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
C. WILLIAMSON

9 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | ### COUNTY OF MONTEREY

11 | KENNETH ORNDORF,

12 |         Plaintiff,

13 |         v.

14 | CATERPILLAR INC., a Delaware
Corporation and DOES 1 through 50,
15 | inclusive,

16 |         Defendant.

CASE NO. M87442

**DEFENDANT CATERPILLAR INC.'S
ANSWER TO COMPLAINT**

17

18

19 |         Defendant Caterpillar Inc. ("Caterpillar") answers the Complaint by Kenneth Orndorf

20 | ("plaintiff") as follows:

21 |         1.      Pursuant to California Code of Civil Procedure § 431.30(d), Caterpillar denies

22 | each and every allegation of each and every cause of action directed against it, and denies that

23 | plaintiff has been damaged in the sums alleged, or in any sum whatsoever.

24 | **FIRST AFFIRMATIVE DEFENSE**
25 | **(Failure To State A Cause Of Action)**

26 |         2.      Caterpillar alleges that the Complaint, and each and every separate cause of action

27 | therein, fails to state facts sufficient to constitute any cause of action against Caterpillar.

28 | /// 

000019

**EXHIBIT D**

## SECOND AFFIRMATIVE DEFENSE
### (Comparative Negligence)

3.    Caterpillar alleges, as to each and every cause of action, that at the time of the incident alleged in the Complaint, plaintiff failed to exercise reasonable or ordinary care such that the damages allegedly sustained by plaintiff, either as alleged in the Complaint or otherwise, were directly or proximately caused or contributed to by the negligence of plaintiff, and that such negligence comparatively reduces the percentage of any negligence attributable to Caterpillar, if any.

## THIRD AFFIRMATIVE DEFENSE
### (Third-Party Comparative Fault)

4.    Caterpillar alleges, as to each and every cause of action, that the incident alleged in the Complaint and the damages allegedly sustained by plaintiff, if any, either as alleged in the Complaint or otherwise, were directly or proximately caused or contributed to by the negligence or fault of persons or entities other than Caterpillar, and that such negligence or fault of others comparatively reduces the percentage of any negligence or fault attributable to Caterpillar, if any.

## FOURTH AFFIRMATIVE DEFENSE
### (Non-Economic Losses are Several)

5.    Caterpillar alleges that the sole and/or partial proximate cause of the damages claimed was the carelessness, recklessness, negligence, fault and/or strict liability of plaintiff and/or other persons, firms or entities, and plaintiff's recovery, if any, should be proportionately reduced according to the percentage of fault of said persons, firms and/or entities, and that Caterpillar be found legally responsible only for its determined share of legal fault, if any, by virtue of the provisions of Civil Code § 1431, *et seq.*

## FIFTH AFFIRMATIVE DEFENSE
### (Willful and Intentional Acts of Others)

6.    Caterpillar alleges that the sole and/or partial proximate cause of the damages claimed was the willful and/or intentional acts of other persons, firms or entities.

/ / /

/ / /

000010

LA/725977v1

ANSWER TO COMPLAINT

1

## SIXTH AFFIRMATIVE DEFENSE
### (Misuse of Product)

2

3    7.    Caterpillar asserts that the alleged injuries and damages in question, if any, were

4    the result of unreasonable, unforeseeable misuse, abuse and/or improper maintenance and/or

5    service of the product in question.

6

## SEVENTH AFFIRMATIVE DEFENSE
### (Alteration of Product)

7

8    8.    Caterpillar is informed and believes and upon such information and belief alleges

9    that the product in question was altered after it left the control, if any, of Caterpillar, and that this

10   alteration of the product proximately caused the alleged defect or nonconformity, if any, resulting

11   in the injuries, losses and damages complained of, if there were any.

12

## EIGHTH AFFIRMATIVE DEFENSE
### (Indemnification)

13   9.    Caterpillar contends that, if it is held liable for the events and occurrences as set

14   forth in the Complaint, which Caterpillar denies, said liability will be based solely on a derivative

15   form of liability not resulting from the negligent conduct of Caterpillar, but instead arising only

16   from an obligation imposed by law.  As such, Caterpillar would be entitled, and is entitled, to

17   complete and totally implied indemnity.

18

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment of Damages)

19

20   10.   Caterpillar alleges that, if it is found liable to the plaintiff, which Caterpillar

21   denies, and any other defendants at the time of trial in this action are also liable, then as a result

22   the damages sustained by plaintiff, if any, liability must be apportioned based on the principles of

23   comparative negligence, Civil Code § 1431 *et seq.*, and all other applicable law.

24

## TENTH AFFIRMATIVE DEFENSE
### (Benefits Outweigh Risk of Danger)

25

26   11.   Caterpillar alleges, in light of the relevant factors, on balance, that the benefits of

27   the design in question outweigh the risk of danger, if any, inherent in that design.

28   ///

000021

1

2

## ELEVENTH AFFIRMATIVE DEFENSE
### (Off-Set of Worker's Compensation Benefits)

3      12.      Caterpillar alleges, as to each cause of action, that at the time of the damages

4   alleged in the Complaint, plaintiff was employed and that he was entitled to and did receive

5   worker's compensation benefits from said employer, that his employers and co-employees were

6   negligent in and about the matters referred to in the Complaint, and that such negligence on the

7   part of said employer and co-employees proximately and concurrently contributed to the

8   happening of the loss and damages complained of by plaintiff, if any; and that by reason thereof,

9   Caterpillar is entitled to a set-off of any such benefits received or to be received by plaintiff from

10   the employer, and further that Caterpillar is entitled to have any recovery by plaintiff from the

11   employer reduced proportionately according to the current law regarding recovery of worker's

12   compensation benefits.

13

## TWELFTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

14

15      13.      Caterpillar alleges the incident and damages complained of by plaintiff, if there

16   actually were any, were proximately caused, contributed to, aggravated, exacerbated and/or

17   enhanced by the acts or omissions of persons or entities other than Caterpillar. Said acts or

18   omissions were an intervening and/or superseding cause of such injuries and damages, thus

19   barring plaintiff from any recovery against Caterpillar.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

20

21      14.      Caterpillar alleges that at all relevant times its product conformed to generally

22   accepted industry standards and was safe for its intended uses and, as such, the product was

23   "state of the art" at the time of the incident alleged in plaintiff's Complaint.

24

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

25

26      15.      Caterpillar alleges that plaintiff, with full knowledge of his damages, if any, failed

27   to mitigate such damages.

28   ///

LA/725977v1

000022

1

2

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3    16.    Caterpillar alleges that the causes of action set forth in plaintiff's Complaint are

4    barred by the applicable statute of limitations as stated in California Code of Civil Procedure §§

5    335 and continuing through § 349.4 and, more particularly but not limited to, § 335.1.

6

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

7

8    17.    Caterpillar alleges that the Complaint, and each cause of action therein, is barred

9    on the grounds that plaintiff assumed the risk of the incident, injuries or damages alleged in the

10   Complaint, if any.

11

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Prior Knowledge of Defect)

12   18.    Caterpillar alleges, as to each and every cause of action, that the subject product

13   was used after the defect alleged in the Complaint, the existence of which Caterpillar generally

14   and specifically denies, was known or in the exercise of reasonable or ordinary care should have

15   been known.

16

17

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Condition of Product Open and Obvious)

18   19.    Caterpillar alleges, as to each and every cause of action that at the time of the

19   incident alleged in the Complaint, the condition claimed to be dangerous by plaintiff was patently

20   obvious and known, or in the exercise of reasonable or ordinary care should have been known, to

21   plaintiff or to persons or entities other than Caterpillar.

22

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Duty to Warn)

23

24   20.    Caterpillar alleges that it had no duty to warn of any alleged risk associated with

25   the use of its product because such alleged risks were unforeseeable and/or because any such

26   alleged risks were open, obvious, and known to plaintiff.

27   / / /

28   / / /

LA/725977v1

-5-

ANSWER TO COMPLAINT

000023

1

## TWENTIETH AFFIRMATIVE DEFENSE
### (Duty to Warn Fulfilled)

2

3    21.    Caterpillar alleges that even if it had a duty to warn, which allegation is expressly

4    denied, Caterpillar at all times fulfilled its alleged duty to warn of the known risks associated

5    with the subject product.

6    WHEREFORE, Caterpillar prays:

7    1.    That plaintiff take nothing by his Complaint;

8    2.    That the Complaint be dismissed with prejudice and that judgment be awarded in

9    favor of defendant Caterpillar Inc.;

10   3.    That Caterpillar Inc. be awarded its costs of suit herein; and

11

12   4.    That Caterpillar Inc. be awarded such other and further relief as this Court deems

13   just and proper.

14   DATED: February 29, 2008         SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16

17   By: _____
18       Elliott D. Olson
         Frederic F. Grannis
19       Jeffrey H. Ikejiri
         Attorneys for Defendant
20       CATERPILLAR INC.

21

22

23

24

25

26

27

28

LA/725977v1

000024

-6-

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to
the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, 801 South
3    Figueroa Street, 19th Floor, Los Angeles, California 90017-5556. On February 29, 2008, I
served the within document(s):

4

5          ### ANSWER TO COMPLAINT BY DEFENDANT CATERPILLAR INC.

6      ☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the
fax number(s) set forth on the attached Telecommunications Cover Page(s) on this
date before 5:00 p.m.

7

8      ☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States mail at Los Angeles, California
addressed as set forth below.

9      ☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to
the person(s) at the address(es) set forth below.

10

11     ☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed
envelope with shipping prepaid, and depositing in a collection box for next day
delivery to the person(s) at the address(es) set forth below via .

12   Robert D. Ponce, Esq.
13   **LAW OFFICES OF ROBERT D. PONCE**          Attorneys for Plaintiff **KENNETH
     787 Munras Avenue, Suite 200              ORNDORF**
14   Monterey, CA 93940
                                               T/ (831) 649-0515
15                                             F/ (831) 649-3397

16     I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
17   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
18   meter date is more than one day after date of deposit for mailing in affidavit.

19     I declare under penalty of perjury under the laws of the State of California that the above
is true and correct. Executed on February 29, 2008, at Los Angeles, California.

20

21                              _Ic. Rodriguez_

22                              Evelyn Rodriguez

23

24

25

26

27

28                                                              000025

LA/725977v1

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, 801 South Figueroa Street, 19th Floor, Los Angeles, California 90017-5556. On March 4, 2008, I served the within document(s):

## CATERPILLAR INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B), AND 1446(B)

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

Robert D. Ponce, Esq.
**LAW OFFICES OF ROBERT D. PONCE**
787 Munras Avenue, Suite 200
Monterey, CA 93940

Attorneys for Plaintiff **KENNETH ORNDORF**

T/ (831) 649-0515
F/ (831) 649-3397

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 4, 2008, at Los Angeles, California.

Evelyn Rodriguez