```
SEDGWICK DETERT MORAN & ARNOLD LLP
  ELLIOTT D. OLSON (Bar No. 041501)
    elliott.olson@sdma.com
  FREDERIC F. GRANNIS (Bar No. 185119)
    frederic.grannis@sdma.com
  JEFFREY H. IKEJIRI (Bar No. 245256)
    jeffrey.ikejiri@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone:  (213) 426-6900
Facsimile:  (213) 426-6921

Attorneys for Defendant
CATERPILLAR INC.
```

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH ORNDORF,<br><br>  Plaintiff,<br><br>v.<br><br>CATERPILLAR INC., a Delaware Corporation and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. 5:08-cv-01276-JW<br><br>**STIPULATION AND [PROPOSED] ORDER TO GRANT CATERPILLAR INC. LEAVE TO AMEND ITS ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**Judge:** Hon. James Ware |

**WHEREAS**, on April 3, 2008, the California Supreme Court in *Johnson v. American Standard, Inc.* (Case No. S139184), adopted the Sophisticated User Doctrine as an affirmative defense to negate a manufacturer's duty to warn;

**WHEREAS**, Caterpillar plans to amend its Answer to plaintiff Kenneth Orndorf's Complaint to include an affirmative defense based on the Sophisticated User Doctrine.

**WHEREAS**, a copy of Caterpillar's proposed Amended Answer is attached hereto as Exhibit "A."

///

1  **IT IS HEREBY STIPULATED** by and between the parties to this action, through their respective counsel of record as follows:

1. That leave for Caterpillar Inc. to file the attached amended Answer to the Complaint be granted;

2. That the proposed amended Answer be deemed filed and served on the date of any order entered pursuant to this stipulation; and

3. That this stipulation may be executed in counterparts and that a facsimile copy of the signatures of counsel may be used in lieu of the original signatures.

DATED: 5/12/08              **SEDGWICK DETERT MORAN & ARNOLD LLP**

By: _____
Elliott D. Olson
Frederic F. Grannis
Jeffrey H. Ikejiri
Attorneys for Defendant
CATERPILLAR INC.

DATED: 5/12/08              **LAW OFFICES OF ROBERT D. PONCE**

By: _____
Robert D. Ponce
Attorneys for Plaintiff
Kenneth Orndorf

SEDGWICK DETERT MORAN & ARNOLD LLP
ELLIOTT D. OLSON (Bar No. 041501)
  elliott.olson@sdma.com
FREDERIC F. GRANNIS (Bar No. 185119)
  frederic.grannis@sdma.com
JEFFREY H. IKEJIRI (Bar No. 245256)
  jeffrey.ikejiri@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant
CATERPILLAR INC.

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH ORNDORF, | Case No. 5:08-cv-01276-JW |
| Plaintiff, | |
| v. | **FIRST AMENDED ANSWER BY DEFENDANT CATERPILLAR INC. TO COMPLAINT** |
| CATERPILLAR INC., a Delaware Corporation and DOES 1 through 50, inclusive, | |
| Defendants. | **Judge: Hon. James Ware** |

Defendant Caterpillar Inc. ("Caterpillar") hereby submits its First Amended Answer to the Complaint by Kenneth Orndorf ("plaintiff") as follows:

**FIRST CAUSE OF ACTION**

1. Responding to Paragraph 1 of the Complaint, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

2. Responding to Paragraph 2 of the Complaint, Caterpillar admits that it is incorporated under the laws of the State of Delaware, and is authorized to conduct business in the State of California. As to the remaining allegations contained therein, Caterpillar lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

3. Responding to Paragraph 3 of the Complaint, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

4. Responding to Paragraph 4 of the Complaint, to the extent the allegations contained therein suggest or imply liability on the part of Caterpillar, then the same are expressly denied. As to the remaining allegations contained therein, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

5. Responding to Paragraph 5 of the Complaint, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

6. Responding to Paragraph 6 of the Complaint, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

7. Responding to Paragraph 7 of the Complaint, Caterpillar responds that the model TH460B Telehandler is no a current production model. Therefore, the allegations of this paragraph are denied.

8. Responding to Paragraph 8 of the Complaint, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

9. Responding to Paragraph 9 of the Complaint, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

10. Responding to Paragraph 10 of the Complaint, to the extent the allegations contained therein suggest or imply liability on the part of Caterpillar,

then the same are expressly denied. As to the remaining allegations contained therein, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

11. Responding to Paragraph 11 of the Complaint, Caterpillar denies each and every allegation contained therein.

12. Responding to Paragraph 12 of the Complaint, Caterpillar denies each and every allegation contained therein.

13. Responding to Paragraph 13 of the Complaint, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

14. Responding to Paragraph 14 of the Complaint, Caterpillar denies each and every allegation contained therein.

15. Responding to Paragraph 15 of the Complaint, to the extent the allegations contained therein suggest or imply liability on the part of Caterpillar, then the same are expressly denied. As to the remaining allegations contained therein, Caterpillar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and therefore it denies such allegations.

16. Responding to Paragraph 16 of the Complaint, Caterpillar denies that any product defect caused or contributed to any of the injuries or damages alleged by plaintiff. Caterpillar denies the remaining allegations contained therein.

17. Responding to Paragraph 17 of the Complaint, Caterpillar denies that any product defect caused or contributed to any of the injuries or damages alleged by plaintiff. Caterpillar denies the remaining allegations contained therein.

18. Responding to Paragraph 18 of the Complaint, Caterpillar denies that any product defect caused or contributed to any of the injuries or damages alleged by plaintiff. Caterpillar denies the remaining allegations contained therein.

## SECOND CAUSE OF ACTION

19. Responding to Paragraph 19 of the Complaint, Caterpillar repeats and incorporates herein by reference each and every response made in Paragraphs 1 through 18, above.

20. Responding to Paragraph 20 of the Complaint, Caterpillar denies each and every allegation contained therein.

21. Responding to Paragraph 21 of the Complaint, Caterpillar denies each and every allegation contained therein.

22. Responding to Paragraph 22 of the Complaint, Caterpillar denies each and every allegation contained therein.

## PRAYER

Answering plaintiff's prayer, Caterpillar denies that plaintiff has been damaged in any fashion and further denies that plaintiff is entitled to any relief whatsoever; instead, Caterpillar should be granted relief as prayed for herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

23. Caterpillar alleges that the Complaint, and each and every separate cause of action therein, fails to state facts sufficient to constitute any cause of action against Caterpillar.

### SECOND AFFIRMATIVE DEFENSE
### (Comparative Negligence)

24. Caterpillar alleges, as to each and every cause of action, that at the time of the incident alleged in the Complaint, plaintiff failed to exercise reasonable or ordinary care such that the damages allegedly sustained by plaintiff, either as alleged in the Complaint or otherwise, were directly or proximately caused or contributed to by the negligence of plaintiff, and that such negligence

comparatively reduces the percentage of any negligence attributable to Caterpillar, if any.

### THIRD AFFIRMATIVE DEFENSE
### (Third-Party Comparative Fault)

25. Caterpillar alleges, as to each and every cause of action, that the incident alleged in the Complaint and the damages allegedly sustained by plaintiff, if any, either as alleged in the Complaint or otherwise, were directly or proximately caused or contributed to by the negligence or fault of persons or entities other than Caterpillar, and that such negligence or fault of others comparatively reduces the percentage of any negligence or fault attributable to Caterpillar, if any.

### FOURTH AFFIRMATIVE DEFENSE
### (Non-Economic Losses are Several)

26. Caterpillar alleges that the sole and/or partial proximate cause of the damages claimed was the carelessness, recklessness, negligence, fault and/or strict liability of plaintiff and/or other persons, firms or entities, and plaintiff's recovery, if any, should be proportionately reduced according to the percentage of fault of said persons, firms and/or entities, and that Caterpillar be found legally responsible only for its determined share of legal fault, if any, by virtue of the provisions of Civil Code § 1431, *et seq.*

### FIFTH AFFIRMATIVE DEFENSE
### (Willful and Intentional Acts of Others)

27. Caterpillar alleges that the sole and/or partial proximate cause of the damages claimed was the willful and/or intentional acts of other persons, firms or entities.

/ / /

/ / /

### SIXTH AFFIRMATIVE DEFENSE
### (Misuse of Product)

28. Caterpillar asserts that the alleged injuries and damages in question, if any, were the result of unreasonable, unforeseeable misuse, abuse and/or improper maintenance and/or service of the product in question.

### SEVENTH AFFIRMATIVE DEFENSE
### (Alteration of Product)

29. Caterpillar is informed and believes and upon such information and belief alleges that the product in question was altered after it left the control, if any, of Caterpillar, and that this alteration of the product proximately caused the alleged defect or nonconformity, if any, resulting in the injuries, losses and damages complained of, if there were any.

### EIGHTH AFFIRMATIVE DEFENSE
### (Indemnification)

30. Caterpillar contends that, if it is held liable for the events and occurrences as set forth in the Complaint, which Caterpillar denies, said liability will be based solely on a derivative form of liability not resulting from the negligent conduct of Caterpillar, but instead arising only from an obligation imposed by law. As such, Caterpillar would be entitled, and is entitled, to complete and totally implied indemnity.

### NINTH AFFIRMATIVE DEFENSE
### (Apportionment of Damages)

31. Caterpillar alleges that, if it is found liable to the plaintiff, which Caterpillar denies, and any other defendants at the time of trial in this action are also liable, then as a result the damages sustained by plaintiff, if any, liability must be apportioned based on the principles of comparative negligence, Civil Code § 1431 *et seq.*, and all other applicable law.

### TENTH AFFIRMATIVE DEFENSE
### (Benefits Outweigh Risk of Danger)

32. Caterpillar alleges, in light of the relevant factors, on balance, that the benefits of the design in question outweigh the risk of danger, if any, inherent in that design.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Off-Set of Worker's Compensation Benefits)

33. Caterpillar alleges, as to each cause of action, that at the time of the damages alleged in the Complaint, plaintiff was employed and that he was entitled to and did receive worker's compensation benefits from said employer, that his employers and co-employees were negligent in and about the matters referred to in the Complaint, and that such negligence on the part of said employer and co-employees proximately and concurrently contributed to the happening of the loss and damages complained of by plaintiff, if any; and that by reason thereof, Caterpillar is entitled to a set-off of any such benefits received or to be received by plaintiff from the employer, and further that Caterpillar is entitled to have any recovery by plaintiff from the employer reduced proportionately according to the current law regarding recovery of worker's compensation benefits.

### TWELFTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

34. Caterpillar alleges the incident and damages complained of by plaintiff, if there actually were any, were proximately caused, contributed to, aggravated, exacerbated and/or enhanced by the acts or omissions of persons or entities other than Caterpillar. Said acts or omissions were an intervening and/or superseding cause of such injuries and damages, thus barring plaintiff from any recovery against Caterpillar.

///

### THIRTEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

35. Caterpillar alleges that at all relevant times its product conformed to generally accepted industry standards and was safe for its intended uses and, as such, the product was "state of the art" at the time of the incident alleged in plaintiff's Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

36. Caterpillar alleges that plaintiff, with full knowledge of his damages, if any, failed to mitigate such damages.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

37. Caterpillar alleges that the causes of action set forth in plaintiff's Complaint are barred by the applicable statute of limitations as stated in California Code of Civil Procedure §§ 335 and continuing through § 349.4 and, more particularly but not limited to, § 335.1.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

38. Caterpillar alleges that the Complaint, and each cause of action therein, is barred on the grounds that plaintiff assumed the risk of the incident, injuries or damages alleged in the Complaint, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Prior Knowledge of Defect)

39. Caterpillar alleges, as to each and every cause of action, that the subject product was used after the defect alleged in the Complaint, the existence of which Caterpillar generally and specifically denies, was known or in the exercise of reasonable or ordinary care should have been known.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Condition of Product Open and Obvious)

40. Caterpillar alleges, as to each and every cause of action that at the time of the incident alleged in the Complaint, the condition claimed to be dangerous by plaintiff was patently obvious and known, or in the exercise of reasonable or ordinary care should have been known, to plaintiff or to persons or entities other than Caterpillar.

### NINETEENTH AFFIRMATIVE DEFENSE
### (No Duty to Warn)

41. Caterpillar alleges that it had no duty to warn of any alleged risk associated with the use of its product because such alleged risks were unforeseeable and/or because any such alleged risks were open, obvious, and known to plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Duty to Warn Fulfilled)

42. Caterpillar alleges that even if it had a duty to warn, which allegation is expressly denied, Caterpillar at all times fulfilled its alleged duty to warn of the known risks associated with the subject product.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Sophisticated User)

43. Caterpillar alleges that plaintiff Kenneth Orndorf was a sophisticated user of the subject product and thus knew or should have known of the potential dangers and hazards created by his conduct at the time of the incident, and that Caterpillar thus had no duty to warn plaintiff of the dangers and hazards alleged by him in his Complaint of which he was or should have been aware.

///
///

WHEREFORE, Caterpillar prays:

1. That plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed with prejudice and that judgment be awarded in favor of defendant Caterpillar Inc.;
3. That Caterpillar Inc. be awarded its costs of suit herein; and
4. That Caterpillar Inc. be awarded such other and further relief as this Court deems just and proper.

DATED: May 13, 2008        SEDGWICK DETERT MORAN & ARNOLD LLP

By: _____
Elliott D. Olson
Frederic F. Grannis
Jeffrey H. Ikejiri
Attorneys for Defendant
CATERPILLAR INC.