SEDGWICK DETERT MORAN & ARNOLD LLP
  ELLIOTT D. OLSON (Bar No. 041501)
    elliott.olson@sdma.com
  FREDERIC F. GRANNIS (Bar No. 185119)
    frederic.grannis@sdma.com
  JEFFREY H. IKEJIRI (Bar No. 245256)
    jeffrey.ikejiri@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone:  (213) 426-6900
Facsimile:   (213) 426-6921

Attorneys for Defendant
CATERPILLAR INC.

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH ORNDORF,<br><br>    Plaintiff,<br><br>v.<br><br>CATERPILLAR INC., a Delaware Corporation and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 5:08-cv-01276-JW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] SCHEDULING ORDER**<br><br>**Judge: Hon. James Ware** |

Pursuant to the Clerk of the Court's March 25, 2008 Notice of Impending Reassignment to a United States District Judge, this Court's Standing Order, Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16-9, counsel for plaintiff Kenneth Orndorf ("Plaintiff"), and counsel for defendant Caterpillar Inc. ("Caterpillar"), met and conferred on May 23, 2008, and jointly submit this Case Management Statement and Proposed Order. The parties respectfully request that the Court adopt this Report and Proposed Order as its Case Management Order in this Case.

///

## I. JURISDICTION AND SERVICE

### A. Basis for Subject Matter Jurisdiction

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and was properly removed to this Court under 28 U.S.C. § 1441(a). The amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

Plaintiff was at the time of filing this action, and still is, a citizen of the State of California. Defendant Caterpillar Inc. is, and was at the time of the filing of this action, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Illinois. As such, complete diversity of citizenship exists between Plaintiff and Defendant.

### B. Additional Parties

Plaintiff believes that additional parties may be added to this litigation as discovery proceeds. Plaintiff believes that the subject Telehandler was rented from an entity named Quinn Rental Services in Salinas, California. Plaintiff anticipates naming Quinn Rental Services as a defendant in this action. Additional parties may be identified as discovery proceeds. These may include others who were involved in the design and manufacture of the subject Telehandler.

### C. Use of Magistrate Judge and Other References

The parties do not wish to exercise their right under 28 U.S.C. § 663 to designate a Magistrate Judge to conduct all proceedings and final disposition. Additionally, the parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## II. NATURE OF THE ACTION

### D. Factual Background

This is a products liability action in which Plaintiff is seeking damages for personal injuries sustained in an accident that occurred on November 3, 2005 at the Estancia Winery in Soledad, California. Plaintiff filed his Complaint on

November 1, 2007 in the Superior Court of California for the County of Monterey against Caterpillar Inc. and Does 1 to 25, alleging causes of action for strict liability in tort and product liability: design defect. Plaintiff claims he was injured as a result of alleged defects in the design and manufacture of a Caterpillar TH460B Telehandler. He also contends that the warnings on the subject Telehandler were inadequate.

Caterpillar answered the Complaint on March 3, 2008, and subsequently removed the case to this Court based on diversity jurisdiction.

Caterpillar denies that the subject Telehandler was defective in any manner. The subject Telehandler's design was safe and it adequately warned Plaintiff of the danger he alleges. Similarly, Caterpillar alleges that Plaintiff was a "sophisticated user" of the subject Telehandler and therefore, Caterpillar had no duty to warn Plaintiff of the dangers and hazards alleged in the Complaint.

E. **Factual and Legal Issues in Dispute**

The following issues are in dispute in this action:
- Whether Caterpillar manufactured the subject Telehandler;
- Whether the subject Telehandler was defective in design;
- Whether the subject Telehandler was defective in manufacture;
- Whether Caterpillar failed to adequately warn of the alleged danger;
- The nature and extent of Plaintiff's claimed injuries and damages;
- Whether Plaintiff or third-parties are comparatively at fault;
- Whether alternative designs of the Telehandler and "carriage unit" were entertained prior to placing the product in the stream of commerce;
- Whether an alternative design of the Telehandler was feasible and whether the overall benefits, if any, of that design outweighed its risk and other disadvantages;

///

1  • If alternative designs were known, what were the costs of producing the product in question with said alternative designs.

F. **Relief Sought**

The relief sought by plaintiff includes past and future special and general damages. Plaintiff claims he is entitled to past special damages consist of medical expenses, wage loss and miscellaneous out-of-pocket expenses. Plaintiff also claims that he is entitled to future damages include medical expenses declared as reasonable and necessary, future wage loss, loss of income earning capacity, the valuation of loss of function to plaintiff's left index finger and hand, cost of amputation of left index finger.

G. **Amendments to Pleadings**

On May 13, 2008, Caterpillar filed a Stipulation for Leave to Amend its Answer to Plaintiff's Complaint to include an additional affirmative defense based on the Sophisticated User Doctrine. No other amendments have been sought. Plaintiff may, as noted above, seek leave to file an amendment to complaint to add other defendants to this action. The parties propose September 30, 2008, as the deadline to amend the pleadings.

H. **Motions**

Caterpillar anticipates that it will file a Motion for Summary Judgment, or other dispositive motions. Moreover, based on the discovery in this action, all parties may seek leave from the Court to file an appropriate motion. The parties propose that all motions be heard on or before July 6, 2009.

I. **Trial Estimate**

The parties have requested that any trial be by jury, and estimate a 6-7 day trial.

///
///
///

J.  **Narrowing of Issues**

Given the limited and early stage of discovery, the parties cannot narrow any issues by agreement or motion at this time. As discovery progresses, the parties will work together in an effort to narrow any issues.

K.  **Expedited Schedule**

Based on the claims and defenses in this action, the parties do not believe that it can be handled on an expedited basis with streamlined procedures.

L.  **Complex Case**

The parties do not believe this action is sufficiently complex to require the application of the procedures set forth in the Manual For Complex Litigation.

M.  **Related Cases**

The parties state there are no related cases previously filed or currently pending in the United States District Court, Northern District of California. A workers compensation claim, arising from the facts of this action is being prosecuted by plaintiff. A case number before the California Workers Compensation Appeals Board has not been assigned at this time.

### III.  DISCOVERY

A.  **Rule 26(a) Disclosures**

Pursuant to Federal Rule of Civil Procedure 26(a), the parties have agreed to exchange their Initial Disclosures by July 3, 2008.

B.  **Subjects for Discovery**

The parties anticipate propounding interrogatories, requests for production of documents, and requests for admissions. The parties also anticipate taking the depositions of material and third party witnesses.

Caterpillar proposes the following subjects for discovery:
- The facts and circumstances surrounding the subject incident;
- The nature and extent of Plaintiff's injuries and damages;
- The design and manufacturer of the subject Telehandler;

- Plaintiff's experience and training in working with and around Telehandlers;
- The experience and training of the operator of the subject Telehandler at the time of the subject incident;

Plaintiff proposes the following subjects for discovery:

- The basis for the design of the Telehandler and carriage unit;
- The basis of any warnings or lack thereof based upon the Telehandler and carriage unit;
- Alternative designs, if any, of the Telehandler and carriage unit prior to production of said Telehandler and carriage unit.

It is further anticipated that the parties will identify the material, third party, and expert witnesses that they intend to depose. Caterpillar also intends to perform an inspection of the subject Telehandler. The parties have agreed to complete discovery by June 22, 2009.

**C.  Electronically Stored Information**

The parties do not presently foresee an issues relating to the discovery of electronically stored information. The parties agree that any electronically stored information may be produced in hard-copy format or as PDF or TIF electronic file formats.

**D.  Protection of Trial Preparation Materials**

The parties do not presently foresee any issues relating to claims of privilege or of protection as trial-preparation material. If Caterpillar is required to disclose confidential, proprietary, and trade secret information, it will work with all parties to produce such materials under an appropriate stipulated protective order.

///
///
///

E.  **Expert Witnesses**

Plaintiff requests that the parties simultaneously disclose their expert witnesses by March 23, 2009, and that the disclosure of any rebuttal expert witnesses be made by April 22, 2009.

Caterpillar requests that plaintiff disclose his initial expert witnesses by March 23, 2009, with Caterpillar's initial expert disclosure due by April 22, 2009, and that plaintiff's disclosure of any rebuttal expert witnesses be due by May 22, 2009.

## IV.  SETTLEMENT AND ADR

To date, no settlement discussions have taken place. The parties, however, wish to conduct private ADR, pursuant to ADR Local Rule 3-4(b), and have submitted the Stipulation and [Proposed] Order Selecting ADR Process, in accordance with Local Rules 16-8 and 3-5. Each party has also submitted the ADR Certification by Parities and Counsel form, pursuant to Local Rule 16-8(b) and 3-5(b). The parties wish to set the completion date for private ADR for December 15, 2008, to allow the parties to conduct discovery and a meaningful mediation.

## V.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Caterpillar filed its Certificate of Interested Parties on March 5, 2008. Beside plaintiff or defendant, Caterpillar is unaware of any persons, firms, partnerships, corporations, or other entities who have either a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Plaintiff is unaware of any persons, firms, partnerships, corporations or other entities who have either a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

VI. **PROPOSED SCHEDULE FOR DISCOVERY AND PRE-TRIAL DEADLINES**

| | |
|---|---|
| Initial Disclosures: | July 3, 2008 |
| ADR Completion Date: | December 15, 2008 |
| Disclosure of Expert Witnesses: | To be determined by the Court |
| Discovery Cut-off: | June 22, 2009 |
| Motion Cut-Off (Date for Hearing): | July 6, 2009 |
| Pre-Trial Conference: | August 3, 2009 |
| Trial: | August 18, 2009 |

DATED: 6/9/08     **SEDGWICK DETERT MORAN & ARNOLD LLP**

By: _____
Elliott D. Olson
Frederic F. Grannis
Jeffrey H. Ikejiri
Attorneys for Defendant
CATERPILLAR INC.

DATED: 6/9/08     **LAW OFFICES OF ROBERT D. PONCE**

By: _____
Robert D. Ponce
Attorneys for Plaintiff
Kenneth Orndorf

06/09/2008  16:09  831-649-3397  ROBERT PONCE  PAGE 02

1
2
3
4
5
6
7
8                    UNITED STATE DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                          SAN JOSE DIVISION
11

| KENNETH ORNDORF, | Case No. 5:08-cv-01276-JW |
|---|---|
| Plaintiff, | |
| v. | **[PROPOSED] SCHEDULING ORDER** |
| CATERPILLAR INC., a Delaware Corporation and DOES 1 through 50, inclusive, | **Judge: Hon. James Ware** |
| Defendants. | |

Pursuant to the parties Joint Case Management Statement, **IT IS HEREBY ORDERED** that the following schedule shall govern this action:

**SCHEDULE FOR DISCOVERY AND PRE-TRIAL DEADLINES**

| Initial Disclosures: | July 3, 2008 |
|---|---|
| ADR Completion Date: | December 15, 2008 |
| Disclosure of Expert Witnesses: | _____ |
| Discovery Cut-off: | June 22, 2009 |
| Motion Cut-Off (Date for Hearing): | July 6, 2009 |

///
///

| | | |
|---|---|---|
| 1 | Pre-Trial Conference: | August 3, 2009 |
| 2 | Trial: | August 18, 2009 |
| 3 | | |
| 4 | DATED: _____, 2008 | _____ |
| 5 | | Hon. James Ware<br>UNITED STATES DISTRICT JUDGE |